1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | NO. 2:09-CR-152-LRS-1 |
| Plaintiff, | ) | |
| | ) | **ORDER DENYING** |
| v. | ) | **MOTION TO MODIFY** |
| | ) | **TERM OF IMPRISONMENT** |
| ANDRES REYES ZAPATA, | ) | |
| Defendant. | ) | |

**BEFORE THE COURT** is Defendant's *pro se* Motion To Modify An Imposed Term Of Imprisonment.  (ECF No. 95).

Amendment 782 to the United States Sentencing Guidelines (U.S.S.G.), which went into effect on November 1, 2014, reduces by two the offense levels assigned in the Drug Quantity Table, U.S.S.G. § 2D1.1, resulting in lower guideline ranges for most drug trafficking offenses.  The Amendment was given retroactive effect.

On May 20, 2015, the Federal Defenders of Eastern Washington and Idaho were appointed as counsel for Defendant for the purpose of ascertaining his eligibility for relief pursuant to Amendment 782 and, if he was eligible, to pursue relief on his behalf.  (ECF No. 89)  On March 15, 2016, this court granted the Defenders' motion to withdraw based on their representation that "Mr. Zapata does not qualify for the reduction [because] Mr. Zapata received the mandatory minimum sentence and in addition the sentence on [the] drug

**ORDER DENYING**
**MOTION TO MODIFY-            1**

count was lower than the bottom of the new guideline range." (ECF Nos. 93 and 94).

Defendant was sentenced on two counts: Count 1 for Possession With Intent To Distribute 50 Grams Or More Of A Mixture Or Substance Containing Methamphetamine, 21 U.S.C. §841(a)(1); Count 2 for Possession Of A Firearm In Furtherance Of A Drug Trafficking Crime, 18 U.S.C. §924(c). Both counts of conviction carried a statutory mandatory minimum of 60 months imprisonment. Defendant was sentenced to 60 months on each count and as required by 18 U.S.C. §924(c)(1)(D)(ii), the 60 months sentence on the firearm charge was ordered to run consecutively to the 60 months sentence on the drug charge. With regard to the drug charge, Defendant's Base Offense Level was calculated at 32. Under Amendment 782, that would now be reduced to a Base Offense Level of 30 and a resultant Total Offense Level of 27 after a three level reduction for acceptance of responsibility. Based on Defendant's Criminal History Category (III), the amended guideline range would be 87-108 months. Pursuant to U.S.S.G. §1B1.10(b)(2)(A), this court could not sentence Defendant to any less than the "minimum of the amended guideline range"- 87 months - on the drug charge. And in any event, the court could not sentence the Defendant to less than the statutory mandatory minimum of 60 months on the drug charge which he received.

//

//

//

//

//

//

//

**ORDER DENYING**
**MOTION TO MODIFY-**          **2**

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Accordingly, Amendment 782 relief is of no avail to the Defendant and therefore, his Motion To Modify An Imposed Term Of Imprisonment (ECF No. 95) is **DENIED**.

**IT IS SO ORDERED.**  The District Court Executive is directed to enter this order and provide copies to Defendant and to all counsel of record.

**DATED** this ___1st___ day of June, 2016.

*s/Lonny R. Suko*
_____
LONNY R. SUKO
Senior United States District Judge

**ORDER DENYING
MOTION TO MODIFY-**          **3**